State vs. Louis A. Sackett }Ind. No. 16996.

December 4, 1933.

JOSLIN, J. Heard on demurrer to indictment.

The indictment charges that the defendant "did cause to be placed and exploded in a building of public assembly, to wit: a certain store, an instrument loaded and filled with explosive and offensive substances with intent to injure said building."

The prosecution is based upon the provisions of Chap. 1921 of the Public Laws of 1932. So much of said chapter as is applicable to the consideration of the demurrer reads: "Whoever wilfully throws into, against or upon, or puts, places and explodes or causes to be placed or exploded in or upon any theatre * * * or any other building or place of public assemblage, any bomb * * * or other instrument or package loaded or filled with any explosive * * * substance with intent unlawfully to destroy such theatre * * * or other building or place of public assemblage, shall be imprisoned" &c.

The various reasons assigned for the demurrer raise three objections to the validity of the indictment.

First: that the indictment does not allege an intent "unlawfully" to violate the statute.

In reply to this objection, it is sufficient to refer to Chapter 1954, Public Laws of 1932, wherein it is provided that no indictment shall be quashed

for any want of form or because of omission to allege that the offense was committed "unlawfully". The intent to injure is alleged.

The second objection to the indictment is that it is vague and indefinite.

The language used in the indictment fully and explicitly sets out all of the essential elements of the offense charged. It cannot be claimed that the defendant is not fully informed of the nature and cause of the accusation against him.

*State* vs. *Tourjee*, 26 R. I. 234.

Lastly, the defendant claims that the indictment sets forth no offense known in law inasmuch as a "store" is not a "place of public assemblage".

The words in the statute, "building or place of public assemblage" are sufficiently broad and comprehensive so that they may include a store. Whether the store which may be proved in the testimony at the trial is of such a nature as to be a "building or place of public assemblage" is a matter which will then have to be determined by the jury or possibly by the Court.

Demurrer overruled.

For State: John P. Hartigan, Attorney General.

For defendant: Peter W. McKiernan.